UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JOSEPH CUNNINGHAM,                                    :
                            Plaintiff,                :
                                                      :
            v.                                        :        No.  5:20-cv-01429
                                                      :
ALBRIGHT COLLEGE, JACQUELYN FETROW,                   :
KAREN CAMPBELL and MARY MCGEE,                        :
                            Defendants.               :
_____

**O P I N I O N**
**Partial Motion to Dismiss for Failure to State a Claim, ECF No. 11 – Granted**

**Joseph F. Leeson, Jr.**                                      **December 23, 2020**
**United States District Judge**

## I.      INTRODUCTION

Plaintiff Joseph Cunningham filed suit against Defendant Albright College, its President, Provost, and Vice President of Academic Affairs,[1] alleging claims including sex and age discrimination, violation of the Equal Pay Act, and breach of contract.   Defendants filed the present partial Motion to Dismiss for Failure to State a Claim.  *See* Mot., ECF No. 11.   Cunningham timely responded.  *See* Resp., ECF No. 13.

Defendants' partial motion to dismiss is granted.  Cunningham's Title VII claim, Count IV, and ADEA claim, Count V, are dismissed without prejudice as to Albright College as untimely.  The Title VII claim and ADEA claim are dismissed with prejudice as to Defendants Jacquelyn Fetrow, Karen Campbell, and Mary McGee as a matter of law.

---

[1]      Defendant Jacquelyn Fetor is the President of Albright College.  *See* Compl. ¶ 15, ECF No. 1.  Defendant Karen Campbell is the Provost of Albright College and Professor of Biology. *See id.* at ¶ 16.  Defendant Mary McGee is the prior Provost and current Vice President of Academic Affairs at Albright College.  *See id.* at ¶ 17.

Cunningham's Equal Pay Act claim, Count III, is dismissed without prejudice as to Defendants Jacquelyn Fetrow, Karen Campbell, and Mary McGee for failure to state a claim. The Equal Pay Act claim, to the extent it seeks to recover for paychecks issued prior to February 28, 2018, is dismissed without prejudice as to Albright College as untimely.  The claim may proceed against Albright College to the extent it seeks to recover for disparate paychecks after February 28, 2018.

Counts I, II, and VI are dismissed without prejudice as to all Defendants for failure to state a claim.  Cunningham's breach of contract claim, Count VII, is dismissed without prejudice as to all Defendants for failure to state a claim.

As a result of Defendants' motion, all claims against Defendants Jacquelyn Fetrow, Karen Campbell and Mary McGee are dismissed, in part with and in part without prejudice.  The only surviving claim against Albright is Cunningham's Equal Pay Act claim (Count III).  This claim survives only to the extent that the claim seeks compensation for disparate paychecks between February 28, 2018, and the date of Cunningham's final paycheck.  Cunningham is granted leave to amend those claims dismissed without prejudice.

## II.    BACKGROUND[2]

Albright, a non-profit college in Reading, Pennsylvania, first employed Cunningham as an Assistant Professor of Accounting for the 2013–2014 academic year.  *See* Compl. ¶ 18, ECF No. 1.  Cunningham's employment was renewed for each subsequent academic year via annual contracts.  *See id.* at ¶ 19.  In the 2016–2017 academic year, his continued employment with Albright was conditioned on his completion of tenure qualifications.  *See id.*  Cunningham filed

---

[2]     The Background is taken, in large part, from allegations in Cunningham's Complaint. *See Compl.*

the requisite application for tenure in October 2016.  *See id.*  On December 26, 2016, the Rank

and Tenure Committee at Albright denied Cunningham's application for tenure.[3]  *See* Mot. at

Ex. B 2, ECF No. 11-3.  That denial letter also specified that Cunningham would be offered a

terminal contract for the 2017–2018 academic year.  *See id.* at 2.  Cunningham contends that the

Tenure Committee, including Mary McGee, deviated from the tenure procedure detailed in the

Albright Employee Handbook.  *See* Compl. ¶ 27.

In fall 2017, during his terminal year, Cunningham became aware that a female colleague

in his department with less seniority and experience was being paid more than him.  *See id.* at

¶ 22.  Cunningham brought this pay disparity to Albright's attention during his fall 2017 salary

review.  *See id.* at ¶ 24.  In December 2017, Cunningham received an extra $5,000 in pay, part of

which constituted a general wage increase to all employees.  *See id.* at ¶ 25.

Following the conclusion of the 2018 academic year, Cunningham was terminated, and

he contends he was replaced by a "younger individual in the accounting department with less

experience and qualifications" than him.  *See id.* at ¶ 28.  Upon his exit, Cunningham requested a

---

[3]      In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 781 (W.D. Pa. 2000) (citing *Arizmendi v. Lawson*, 914 F. Supp. 1157 (E.D. Pa. 1996)).  Here, the letter dated December 26, 2020, is essential to Cunningham's claims and Cunningham references the denial of tenure in the Complaint.  *See, e.g.*, Compl. ¶¶ 37, 41, 51, 56, 60.  Cunningham does not plead the date on which the tenure decision was made, and that date is of utmost importance to the calculation of the limitations period.  Therefore, because multiple claims center entirely on the decision to deny tenure, the letter in which that decision was communicated may appropriately be considered by this Court without turning the present motion into one for summary judgment.

In rendering this Opinion, the Court does not consider any other documents attached to either Defendants' motion or Cunningham's response.  Therefore, this Court need not determine whether consideration of those other documents would be appropriate.

certificate for his five years of service, and his request was denied. *See id.* at ¶ 30. Cunningham states that his last day of work was August 15, 2018. *See id.* at ¶ 19.

On October 10, 2018, Cunningham filed a charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) and dually filed it with the Equal Opportunity Employment Commission (EEOC). *See id.* at ¶ 32. The EEOC closed the claim on November 29, 2019, and issued a Notice of Right to Sue to Cunningham. *See id.* at ¶ 33.

On February 28, 2020, following receipt of the Notice of Right to Sue, Cunningham instituted the present action. He alleges the following claims against the Defendants:

    (1) "Discrimination Based on 'Age' in Violation of Civil Rights;"

    (2) "Discrimination Based on Retaliation and Harassment;"

    (3) "Discrimination Retaliation Based on Violation of Equal Pay Act;"

    (4) "Discrimination Based on Sex;"

    (5) "Age Discrimination in Employment Act;"

    (6) "Retaliatory Discharge & Pendant State Claim;" and

    (7) "Breach of Contract & Pendant State Claim."

## III.    LEGAL STANDARDS

### A.  Review of Motion to Dismiss

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**B.  Title VII Sex Discrimination and Age Discrimination in Employment Act**

Disparate treatment claims brought under Title VII and the ADEA are analyzed using the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Rabinowitz v. AmeriGas Partners, L.P.*, 252 F. App'x 524, 527 (3d Cir. 2007).  To establish a prima facie case of discrimination under Title VII, a plaintiff must allege:

(1) He is a member of a protected class;

(2) He is otherwise qualified for the position at issue;

(3) He suffered an adverse employment action; and

(4) That adverse action occurred under circumstances that give rise to an inference of discrimination.

*See Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 327 (3d Cir. 2015); *see also McDonnell Douglas*, 411 U.S. 792.

Once a plaintiff establishes a prima facie case, the burden then "shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment decision."  *Fasold*

*v. Justice*, 409 F.3d 178, 184 (3d Cir. 2005). "If the employer articulates one or more such reasons, the aggrieved employee must then proffer evidence that is sufficient to allow a reasonable finder of fact to find by a preponderance of the evidence that the employer's proffered reasons are false or pretextual." *See id.*

Notwithstanding, prior to filing a Title VII claim in district court, "a plaintiff must exhaust all required administrative remedies . . . ." *See Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). "Title VII requires aggrieved persons to file a complaint with the EEOC 'within one hundred and eighty days after the alleged unlawful employment practice occurred.'" *See Del. State Coll. v. Ricks*, 449 U.S. 250, 257 (1980) (citing 42 U.S.C. § 2000e-5(e)). Alternatively, where a plaintiff initiates proceedings for relief with a state or local agency, the "charge shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e-5(e). A plaintiff's timely filing with the EEOC is a "prerequisite to maintaining an action in the district court." *See Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 790 (W.D. Pa. 2000). In cases where denial of tenure is the alleged discriminatory act, the clock for filing with the appropriate agency begins to run when the decision to deny tenure was made and communicated to the plaintiff. *See Ricks*, 449 U.S. 258-59.

To state a claim for age discrimination, a plaintiff must allege:

(1) He is over forty;

(2) He is qualified for the position in question;

(3) He suffered from an adverse employment decision; and

(4) His replacement was sufficiently younger to permit a reasonable inference of age discrimination.

*Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006).  Alternatively, a plaintiff may

establish a prima facie case of age discrimination by showing that younger employees were

treated more favorably.  *See Steinagel v. Valley Oral Surgery*, No. 12-cv-05645, 2013 U.S. Dist.

LEXIS 141146, at *19-20 (E.D. Pa. Sept. 30, 2013).  Like Title VII claims, ADEA claims

require that the aggrieved party file a charge of discrimination with the EEOC within 300 days

after the alleged unlawful practice.  *See* 29 U.S.C. § 626(d)(1)(B).[4]

### C. Title VII Retaliation

To make out a prima facie case of Title VII retaliation, a plaintiff must allege:

(1) He "engaged in a protected activity;"

(2) "[A]dverse action by the employer either after or contemporaneous with the employees

protected activity;" and

(3) a "causal connection between the protected activity and the adverse action."

*Moore v. Sec'y U.S. Dep't Homeland Sec.*, 718 F. App'x 164, 166 (3d Cir. 2017) (citing *Daniels*

*v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015)).

"With respect to 'protected activity,' the anti-retaliation provision of Title VII protects

those who participate in certain Title VII proceedings (the 'participation clause') and those who

oppose discrimination made unlawful by Title VII (the 'opposition clause')."  *Moore v. City of*

*Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006).  "Whether the employee opposes, or participates

in a proceeding against, the employer's activity, the employee must hold an objectively

---

[4]     The 300-day limitations period applies where the violation occurs in a state that has a law
prohibiting age discrimination and an agency equipped to provide relief for such violations.  *See*
29 U.S.C. § 633(b).  Where no such state regime for relief exists, the aggrieved party has 180
days to file their charge with the EEOC.  *See id.* § 626(d)(1)(A).  Here, because Cunningham
dually filed with the PHRC, a Pennsylvania state agency equipped to provide relief for claims of
age discrimination, his limitations period for filing with the EEOC is 300 days from the date of
the alleged unlawful practice.

reasonable belief, in good faith, that the activity they oppose is unlawful under Title VII." *Id.*
"Once a plaintiff establishes a prima facie case, the burden shifts to the employer to advance a
legitimate non-retaliatory reason for its conduct.  If an employer advances such a reason, a
plaintiff then must show that the proffered reason was a pretext for retaliation." *Estate of Oliva*
*ex rel. McHugh v. New Jersey*, 604 F.3d 788, 798 (3d Cir. 2010).

### D.  Breach of Contract

A breach of contract claim requires a plaintiff to allege three elements:

(1) "the existence of a contract, including its essential terms;"

(2) "a breach of a duty imposed by the contract;" and

(3) "resultant damages."

*Udodi v. Stern*, 438 F. Supp. 3d 293, 299 (E.D. Pa. 2020) (quoting *Ware v. Rodale Press, Inc.*,
322 F.3d 218, 225 (3d Cir. 2003)).

In instances where a plaintiff claims an employment handbook is enforceable as a
contract, the plaintiff must also allege that the handbook "contain[s] unequivocal provisions that
the employer intends to be bound by it and renounces the long-held principle of at-will
employment." *Makara v. Albert Einstein Healthcare Network*, Civ. A. No. 08-5545, 2009 WL
1011753, at *4 (E.D. Pa. Apr. 14, 2009) (citing *Fralin v. C & D Sec., Inc.*, Civ. A. No. 06-2421,
2008 WL 2345957, at *5 (E.D. Pa. June 6, 2008)).

### E.  Equal Pay Act

Equal Pay Act claims require a burden shifting analysis.  *See E.E.O.C. v. State of Del.*
*Dep't of Health & Soc. Servs.*, 865 F.3d 1408, 1413 (3d Cir. 1989).  A plaintiff must begin by
alleging "that employees of the opposite sex were paid differently for performing 'equal work';
that is, work of substantially equal skill, effort, and responsibility under similar working

conditions." *See id.* at 1413-14 (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)).  Once a plaintiff establishes a prima facie case, the burden shifts to the employer to establish any of four statutory defenses.  *See id.* at 1414.  A defendant may show that the differential pay was made pursuant to "(i) a seniority system, (ii) a merit system, (iii) a system which measures earnings by quantity or quality of production, or (iv) a differential based on any other factor other than sex."  *Corning Glass Works*, 417 U.S. at 196.

"Violations of the [Equal Pay Act] are subject to a two-year statute of limitations, unless the violation is shown to be willful, in which case the statute of limitations is extended to three years."  *Schengrund v. Pa. State Univ.*, 705 F. Supp. 2d 425, 440 (M.D. Pa. 2009) (citing 29 U.S.C. § 255; *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 842 (3d Cir. 1992)).  Additionally, each disparate paycheck constitutes a new discriminatory action for the purpose of claim accrual. *See id.*

## IV.   DISCUSSION

Cunningham's claims can be separated into three categories.  First, Cunningham's Title VII claim, ADEA claim, and part of his Equal Pay Act claim are time barred.  Second, Counts I, II, VI, and Cunningham's breach of contract claim fail to allege plausible claims.  Finally, Cunningham's claims of individual liability are addressed and are dismissed in part with prejudice and in part without prejudice.  Each category of claims is discussed below.

### A.  Time Barred Claims

#### 1.      Title VII Sex Discrimination Claim and ADEA Claim

Defendants assert that Cunningham's claims under Title VII and the ADEA are untimely. This Court agrees.  Cunningham failed to timely file his Title VII and ADEA claims with the EEOC.

Under *Ricks*, Cunningham's claims based on tenure denial accrued on the date that he

suffered the alleged discriminatory action, namely when he was notified that he was denied

tenure. *See Ricks*, 449 U.S. 258-59. Cunningham had 300 days from the date of tenure denial to

file his charge because he dually filed his charge with the EEOC and the PHRC. *See* 42 U.S.C. §

2000e-5(e); 29 U.S.C. § 626(d)(1)(B).[5]

Defendants sent the letter denying tenure to Cunningham on December 26, 2016. *See*

Mot. at Ex. B 2. The letter also specified that, pursuant to Albright's policies, Cunningham

would receive a terminal contract for the 2017–2018 academic year. *See id.* This letter squarely

provided Cunningham with notice of both his tenure denial and his impending termination

following the 2017–2018 academic year.

Notwithstanding, Cunningham did not file his charge of discrimination with the PHRC

and EEOC until October 10, 2018. *See* Compl. ¶ 32. This represents a period of over 650 days

between the alleged discriminatory act and the requisite filing, which far exceeds the 300-day

limit.[6] Cunningham contends, without citation, that the clock began to run following his final

[5]     Cunningham cannot alter this date by claiming it was not until later that he discovered the
sex and age of his replacement. Courts are not to presumably apply the discovery rule where
Congress has provided a clear statutory date for claims to accrue. *Rotkiske v. Klemm*, 890 F.3d
422, 428 (3d Cir. 2018), *aff'd*, 140 S. Ct. 355 (2019). Both the ADEA and Title VII provide
clear dates on which the claims accrue. *See* 42 U.S.C. § 2000e-5(e) (must file with EEOC
"within three hundred days after the alleged unlawful employment practice occurred"); 29
U.S.C. § 626(d)(1)(B) (must file with EEOC "within 300 days after the alleged unlawful practice
occurred"). Therefore, this Court may not apply the discovery rule to alter the date on which
Cunningham's claims accrued. *See Goodman v. Norristown Area Sch. Dist.*, Civ. A. No. 20-
1682, 2020 WL 5292051, at *3 (E.D. Pa. Sept. 4, 2020) (noting inapplicability of discovery rule
to Title VII claim in light of *Rotkiske* (citing *Rotkiske*, 890 F.3d at 428)).
[6]     Although Cunningham may have received the denial letter sometime after the date it was
signed, this fact does not save his claim. Even if this Court were to use the date on which
Cunningham responded to the denial letter, January 9, 2017, the EEOC filing remains untimely
because it was filed over 640 days beyond that date. *See* Mot. 13. Further, even if this Court
were to use the date on which Cunningham signed his terminal contract, April 5, 2017, the
EEOC filing remains untimely because it was filed over 550 days beyond that date. *See id.*

day of employment in June of 2018.  *See* Resp. 9.  However, the Supreme Court makes clear that "[t]he proper focus is upon the time of the *discriminatory* acts, not upon the time at which the *consequences* of the acts became most painful."  *See Ricks*, 449 U.S. at 258 (citing *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (1979) (emphasis in original)).  In selecting the date of tenure denial as the proper accrual date, the Supreme Court explicitly rejected other potential accrual dates, including the actual date of termination.[7]  *See id.* at 259-60.  Cunningham's failure to timely file his charge with the EEOC requires dismissal of his Title VII discrimination and ADEA claims by this Court.  *See Rogan*, 113 F. Supp. 2d at 790.

Because Cunningham's Title VII and ADEA claims are untimely, both are dismissed without prejudice.[8]

## 2.     Equal Pay Act Claims

Cunningham next alleges that he was paid less than a female colleague engaged in the same work with less qualifications and experience.  Defendants contend that Cunningham's Equal Pay Act claim is partially time barred.  This Court agrees.

Equal Pay Act claims have a two-year statute of limitations, except in cases involving willful violations.  *Schengrund*, 705 F. Supp. 2d at 440.  The two-year limitations period is

---

[7]     The Supreme Court in *Ricks* considered the possibility that a "continuing violation" would warrant a later accrual date for the claim.  *See Ricks*, 449 U.S. at 259.  Here, neither Cunningham's Complaint nor his response to the present motion indicate an effort to claim a continuing violation with respect to this ADEA and Title VII discrimination claims.  While Cunningham's Complaint states that he "suffered harassment and derogatory and discriminatory interactions," there are no factual allegations to support these claims.  *See* Compl. ¶ 37.  As such, the only allegation of discriminatory conduct—with respect to his ADEA and Title VII claims— involves the denial of tenure.  This event is discrete, and accordingly, it does not warrant treatment as a continuing violation.

[8]     Although Cunningham has not alleged facts that would warrant any sort of equitable tolling of the limitations period, this Court cannot say that he is wholly incapable of doing so.  Thus, dismissal without prejudice is appropriate.

appropriate in this case.  Cunningham does not sufficiently allege that any violation of the Equal

Pay Act was willful.  The lack of a willful violation is further bolstered by Cunningham's

allegation that Albright attempted to compensate him for any pay disparity.  *See* Compl. ¶¶ 25,

47.  Therefore, this Court finds the two-year period appropriate here.

Under the applicable two-year limitations period, Cunningham can recover only for

payments that occurred up to two years prior to his filing in this Court.  Cunningham did not file

the present action until February 28, 2020.  Therefore, Cunningham's recovery is limited to

disparate paychecks that were issued between February 28, 2018—two years prior to his filing

date—and the date of his final disparate paycheck.[9]  Any effort by Cunningham to seek relief

for paychecks collected prior to February, 28, 2018, falls outside of the applicable two-year

statute of limitations and is dismissed.

The Court's dismissal of any claim of disparate pay prior to February 28, 2020, is one

without prejudice.  Although Cunningham has not pleaded allegations that would warrant

equitable tolling of the limitations period, the Court cannot say at this juncture that Cunningham

is incapable of doing so altogether.  *See Beamon v. W.B. Saunders Co.*, 413 F. Supp. 1167, 1176

(E.D. Pa. 1976) (citing *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 928 (5th Cir.

1975)) (dismissing time barred Equal Pay Act claim without prejudice).  Thus, all claims of

disparate pay arising prior to February 28, 2018, are dismissed without prejudice.

---

[9]     Cunningham alleges in one part of his Complaint that August 15, 2018, was his final day
of work. *See* Compl. ¶ 19.  Yet, in another, he alleges that his employment terminated on August
31, 2018.  *See id.* at ¶ 31.  In Cunningham's response to Defendants' motion, he states his final
day of work was sometime in "June of 2018."  *See* Resp. 9.  Notwithstanding, the Court need
determine the exact date at this juncture, for all of the aforementioned dates fall within the statute
of limitations.

As to those claims of disparate pay arising between February 28, 2018, and the date of his

final paycheck, Cunningham has made out a prima facie case.  Cunningham alleges that a female

assistant professor in his same department—who had "the same duties and responsibilities" as

him—was paid more than him for the same work.  *See* Compl. ¶¶ 23, 46.  Cunningham bolsters

this claim by alleging that the female colleague had less experience and fewer credentials than

him.  *See id.*  These allegations, taken as true for the purpose of the present motion, suffice to

establish a prima facie case of an Equal Pay Act violation.  Therefore, those claims of disparate

pay arising between February 28, 2018, and the date of Cunningham's final paycheck may

proceed.[10]

## B. Insufficiently Plead Claims

### 1.      Counts I, II, and VI

Counts I, II, and VI fall woefully short of the low threshold set by Rule 8 of the Federal

Rules of Civil Procedure.  Rule 8(a) requires that a complaint contain a "short and plain

statement of the claim showing that the pleader is entitled to relief . . . ."  *See* FED. R. CIV. P.

8(a)(2).  Cunningham fails to meet that simple requirement in each of these three Counts.

Beginning with Count I, the Complaint labels it as "Discrimination Based on 'Age' in

Violation of Civil Rights."  The Complaint does not ground Claim I in any legal authority.

---

[10]      Defendants' motion raises the possibility that Cunningham intended to plead a retaliation
claim under the Equal Pay Act as well.  *See* Mot. at 19.  The Defendants contend that, even
assuming such a claim is cognizable, it is insufficiently plead.  *See id.*  The Court need not reach
the issue of whether such a claim is cognizable for two reasons.  First, the Court declines to
strain to find hidden claims in Cunningham's Complaint that are not plainly plead as required by
Rule 8 of the Federal Rules of Civil Procedure.  Furthermore, even if this Court assumes
*arguendo* that an Equal Pay Act retaliation claim was cognizable, the claim is insufficiently
plead.  Cunningham's alleged protected activity, namely complaining of an Equal Pay Act
violation, occurred in the fall of 2017.  Cunningham's denial of tenure, the adverse action,
occurred in December 2016, well before the alleged protected activity.  Therefore, there can be
no conceivable causal connection between the protected activity and the adverse action.

Despite its title, Count I discusses concepts separate and apart from a discrimination claim, including the Equal Pay Act, retaliation, and even breach of contract.  *See* Compl. ¶¶ 35-39. Setting plausibility aside, Count I fails to place a defendant or this Court on notice of what claim Cunningham seeks to assert.  Accordingly, it falls short of the requirements of Rule 8(a).

Similarly, Count II is labeled as "Discrimination Based on Retaliation and Harassment." The subsequent paragraphs fail to provide any legal authority to ground this claim.  From the allegations, it is unclear whether Count II sounds in discrimination, retaliation, harassment, or the Equal Pay Act.  Indeed, the allegations in paragraph 41 under Count II sound more so in breach of contract.  *See id.* at ¶ 41.  Like Count I, Count II does not provide anyone with notice of what claim Cunningham is attempting to pursue, and it accordingly falls short of the requirements of Rule 8(a).

Finally, Count VI is labeled "Retaliatory Discharge & Pendant State Claim."  *See id.* Counts I, II, and III reference claims of retaliation as well.  Without any legal authority to ground Count VI, it is unclear what makes it different than those other claims of retaliation.  In fact, to the extent Cunningham is attempting to allege a common law claim of retaliatory discharge, that claim is preempted by the PHRA.  *See Sola v. Lafayette Coll.*, 804 F.2d 40, 42 & n.2 (3d Cir. 1986) (citing 43 Pa. Stat. § 962(b)).  Count VI does not refer to the PHRA whatsoever, nor does any part of the Complaint.

"There is no 'duty (on the part) of the trial court or the appellate court to create a claim which [plaintiff] has not spelled out in his pleading,'" *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (citing *Case v. State Farm Mut. Auto. Ins. Co.*, 294 F.2d 676, 678 (5th Cir. 1961)).  This Court elects against twisting and bending Counts I, II, and VI in an attempt to forge claims that are not plainly pleaded.  Because the allegations are so deficient, this

Court cannot determine whether leave to amend would be futile and therefore must permit an amendment.  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").  Should Cunningham decide to amend his Complaint, he must include sufficient allegations to identify and support each claim, in accordance with this Opinion.

### 2.    Breach of Contract Claim

Cunningham next alleges, in Count VII, that Albright breached a contract with him in the form of an employee handbook.[11]  *See* Compl. ¶¶ 57-60.  Cunningham asserts that but for Albright's "obstruction of the proper process as outlined in the Albright Faculty Handbook" for reviewing tenure applications, he would have otherwise remained employed by Albright.  *See id.* at ¶ 60.  Notwithstanding, Cunningham has failed to sufficiently plead a claim of breach of contract for two reasons.

Foremost, Cunningham has failed to plead unequivocal provisions in the handbook that would evidence Albright's intent to be bound by it.  *See Makara*, 2009 WL 1011753 at *3-4 (citing *Fralin*, 2008 WL 2345957, at *5).  While Cunningham refers generally to "policy and provisions" in the handbook, he neither refers to nor cites any specific language in the handbook regarding its enforceability against Albright.  Therefore, Cunningham fails to plead facts sufficient to show that the handbook is enforceable as a contract.

Second, even if this Court assumes *arguendo* that the handbook is enforceable as a contract, Cunningham fails to plead the essential terms of the contract.  Cunningham alleges in

---

[11]    This section addresses the breach of contract claim with respect to Albright.  This claim is analyzed with respect to the individual Defendants below in Section IV.C.2.

his Complaint that Albright took actions "in violation of the Employee Handbook's tenure procedure." *See* Compl. ¶ 27. Notwithstanding, Cunningham does not allege any terms of the handbook related to the tenure procedure whatsoever. Failure to plead the essential terms of a contract is a failure to allege a prima facie case of breach of contract. *See Udodi*, 438 F. Supp. 3d at 299 (quoting *Ware*, 322 F.3d at 225)

Accordingly, under either rationale, Cunningham has failed to plead facts sufficient to allege a claim for breach of contract. Therefore, Count VII is dismissed without prejudice.

### C. Individual Liability Claims

Cunningham does not clearly plead which Defendants he intends to allege each count against. Some Counts are captioned "Plaintiff v. Defendants," but those same Counts refer to "Defendant" in the singular in the prayer for relief. *See, e.g.*, Compl. (Counts I, II). Notwithstanding, even if this Court assumes that Cunningham meant to allege all Counts as against all Defendants, all of his individual liability claims are dismissed, in part with prejudice and in part without prejudice.[12]

#### 1.    Individual Liability Dismissals with Prejudice

Cunningham's claims of individual liability with respect to his Title VII and ADEA claims are dismissed with prejudice. As a matter of law, individuals may not be held liable under either Title VII or the ADEA. *Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006) ("[T]he ADEA does not provide for individual liability."); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII."). Therefore, to the extent Cunningham wishes to hold the

---

[12]    The Court does not address individual liability with respect to Counts I, II, and VI for the reasons set forth *supra* in section IV.B.1 of this Opinion.

three individual Defendants liable under Title VII or the ADEA, he may not, and those claims are dismissed with prejudice.

### 2.    Individual Liability Dismissals without Prejudice

Cunningham also appears to allege his breach of contract claim and Equal Pay Act claim against "Defendants" collectively.[13]  However, Cunningham fails to allege facts sufficient to sustain actions against the individual Defendants under these claims.

Cunningham fails to allege facts sufficient to sustain individual liability in his breach of contract claim.  A plaintiff cannot recover under a breach of contract theory against one who is not a party to the contract.  *See Viso v. Werner*, 369 A.2d 1185, 1187 (Pa. 1977) ("It is inconceivable, therefore, how there can be any recovery on a contract from one who was not a party thereto . . . ." (quoting *Geyer v. Huntingdon County Agricultural Ass'n*, 66 A.2d 249, 250 (1949))).  Here, Cunningham has not pleaded that any of the individual Defendants were parties to the employment contract he signed.  Indeed, Cunningham pleads that he entered into the written contract with Albright, but he does not specify whether any of the individual Defendants were parties to that contract as well.  *See* Compl. ¶ 58.  Thus, absent such allegations, the breach of contract claim is dismissed without prejudice as against all individual Defendants.

Cunningham similarly fails to plausibly allege individual liability under his Equal Pay Act claim.  A liable "employer" under the Equal Pay Act "includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."  *See* 29 U.S.C. § 203(d).  In addition, the individual to be liable must have "supervisory authority" over the plaintiff and be

---

[13]    Defendants' motion also addresses the possibility of individual liability under any potential Pennsylvania Human Resources Act (PHRA) claims Cunningham intended to raise in his Complaint.  *See* Mot. 25-27.  Notwithstanding, consistent with this Court's position against straining to imagine claims not clearly pleaded, this Court will not address individual liability under any PHRA claims, as the Complaint does not reference the PHRA whatsoever.

"responsible in whole or part for the alleged violation." *See Sandom v. Travelers Mortg. Servs., Inc.*, 752 F. Supp. 1240 (D.N.J. 1990) (citing *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987)); *see also Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983) (focusing on individual's "control of significant aspects of the corporation's day to day functions, including compensation of employees," particularly over the alleged disparate pay decision at issue). Cunningham's Complaint is devoid of any allegations that any of the individual Defendants were responsible in whole or in part for setting compensation, let alone allegations of which if any of the individual Defendants participated in setting *his* compensation.  Thus, Cunningham's claims of individual liability under the Equal Pay Act are dismissed without prejudice as against all individual Defendants.

## V.    CONCLUSION

The result of Defendants' motion to dismiss is the following:

(1)      The Title VII claim, Count IV, and ADEA claim, Count V, are dismissed without prejudice as to Albright College as untimely.  The Title VII claim and ADEA claim are dismissed with prejudice as to Defendants Jacquelyn Fetrow, Karen Campbell, and Mary McGee as a matter of law.

(2)      The Equal Pay Act claim, Count III, is dismissed without prejudice as to Defendants Jacquelyn Fetrow, Karen Campbell, and Mary McGee for failure to state a claim.  The Equal Pay Act claim, to the extent it seeks to recover for paychecks issued prior to February 28, 2018, is dismissed without prejudice as to Albright College as untimely.  The claim may proceed against Albright College to the extent it seeks to recover for disparate paychecks after February 28, 2018.

(3)      Counts I, II, and VI are dismissed without prejudice as to all Defendants for

failure to state a claim.

(4)      The breach of contract claim, Count VII, is dismissed without prejudice as to all

Defendants for failure to state a claim.

Cunningham is granted leave to amend his Complaint as to only those claims dismissed

without prejudice.  Should Cunningham wish to amend in accordance with this opinion, he must

specifically identify the legal basis for each count, the parties against whom it is asserted, and

support the elements of each claim with specific factual allegations.

A separate Order follows.

<div style="margin-left:45%">

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

</div>